UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ZAIE ESCRIBANO

        Movant,                                    No. 22-CV-3010 (LTS)

  -v-

                                                  No. 16-CR-826 (LTS)

UNITED STATES OF AMERICA,

        Respondent.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Petitioner Zaie Escribano's pro se motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence. (Docket entry no. 597 (the "Motion").) Mr. Escribano initiated this matter by filing a letter challenging the legality of his sentence entered in United States v. Escribano, No. 16-CR-0826-7 (S.D.N.Y. Nov. 2, 2018). (Docket entry no. 595.) The Court construed that letter as a motion under 28 U.S.C. § 2255, issued an order granting Mr. Escribano 60 days' leave to file an amended motion, and directed Mr. Escribano to state facts demonstrating that his motion is timely or that the doctrine of equitable tolling should apply in this case. (Docket entry no. 596 at 1.) Mr. Escribano has now filed that amended motion, which is opposed by the Government.

The Court has reviewed carefully the parties' submissions in connection with Mr. Escribano's Section 2255 motion. For the following reasons, the Motion is denied in its entirety.

## BACKGROUND

On July 20, 2018, Mr. Escribano was convicted, upon a plea of guilty, of a lesser included offense of Count Eleven of Indictment S2 16 Cr. 826 (LTS): "aiding and abetting the use, carrying, and possession of a firearm, which was brandished, during and in relation to a

crime of violence for which the defendant may be prosecuted in a court of the United States." (Docket entry no. 599-1 (the "Plea Agreement") at 1; see also docket entry no. 142 (the "Superseding Indictment") at 12.)  The applicable crime of violence referenced in the lesser included offense was the substantive robbery separately charged in Count Ten of the Indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  (Id.)  The Court sentenced Mr. Escribano to 84 months' imprisonment—the Stipulated Guidelines Sentence—to run consecutively to an undischarged term of imprisonment imposed in a Pennsylvania state criminal case from 2016, followed by five years' supervised release.  Mr. Escribano did not appeal his conviction or his sentence.

Mr. Escribano now seeks the vacatur of the sentence imposed by this Court following his guilty plea, arguing that the robbery charge on which Count Eleven is predicated is not a "crime of violence" within the meaning of 18 U.S.C. section 924(c)(3)(A).  (Motion at 4 ("Petitioner is entitled to resentencing on the ground that the District Court improperly relied upon crime-of-violence provisions to calculate his sentence.").)  The Court understands Mr. Escribano's reference to a "New Supreme Court [] Case" bearing on the classification of certain offenses as "crime[s] of violence" as a reference to the Supreme Court's decisions in, inter alia, United States v. Davis, 139 S. Ct. 2319 (2019), addressing the validity and applicability of certain criminal statutory provisions predicated on the commission of "crimes of violence."  In response to the Court's previous invitation to address the timeliness of his motion or the possible application of equitable tolling, Mr. Escribano cites his transfers between state and federal custody and among facilities, and his limited access to research materials during the COVID-19 pandemic, as reasons for his delay.  (Motion at 13-14.)  The Government contends that Mr. Escribano's motion must be denied for three reasons: (1) he waived his right to collaterally

challenge his sentence in his plea agreement; (2) he has procedurally defaulted his claim because he never appealed his conviction or sentence; and (3) under both Supreme Court and Second Circuit case law, *substantive* Hobbs Act robbery, on which Count Eleven is predicated, remains a crime of violence under Section 924(c)(3)(A). (Docket entry no. 599 (the "Opposition") at 1.)

DISCUSSION

Section 2255 requires a court to grant a hearing in respect of a motion brought thereunder "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255(b). To assess whether a hearing is warranted, "the court looks primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief." United States v. Rudge, No. 16-CR-311-KMW, 2022 WL 11809850, at *3 (S.D.N.Y. Oct. 19, 2022) (quoting Dalli v. United States, 491 F.2d 758, 760 (2d Cir. 1974)). Mr. Escribano's motion is based on the offense to which he pleaded guilty, the judgment entered by the Court, and arguments based on new developments in the case law. Because "the parties do not present new information that raises a dispute as to relevant facts," testimony at a hearing would not materially add to the record. Rudge, 2022 WL 11809850, at *3. Thus, the Court concludes that the parties' written submissions are sufficient to enable it to rule on the petition, and that no hearing is required.

The Government correctly points out that Mr. Escribano waived his right to collaterally attack his sentence in his plea agreement. That agreement provides, in relevant part, that:

> [T]he defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to

> Title 18, United States Code, Section 3582(c), of any sentence at or below the Stipulated Guidelines Sentence of 84 months' imprisonment.

(See Plea Agreement at 5.)  Mr. Escribano entered a guilty plea pursuant to the plea agreement before Magistrate Judge Debra C. Freeman on July 20, 2018, and the Court accepted the plea on August 23, 2018.  (See Docket entry no. 200 ("Plea Transcript"); docket entry no 205.)  At his plea allocution before Judge Freeman, Mr. Escribano testified under oath that he understood the appeal and collateral attack waiver provision and that he understood that he was agreeing not to challenge a sentence of up to 84 months of imprisonment:

> The Court: Do you understand that under the plea agreement, as long as you are sentenced to no more than 84 months, you are giving up your right to challenge your sentence both by appeal to the Court of Appeals and also by any further application to this court?
> [Mr. Escribano]: Yes.
> The Court: Do you understand that you are agreeing not to challenge any sentence as long as it is not more than 84 months, any prison sentence, regardless of whether or not that term of imprisonment is imposed to run consecutively or concurrently to any other sentence that you may face?
> [Mr. Escribano]: Yes.

(See Plea Transcript at 19:5-19:16.)  As the Second Circuit has held, "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."  Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016).  That is so even where the law may have favorably changed in the defendant's favor.  See id. ("'[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'") (quoting United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008)).  As the record indicates, Mr. Escribano's waiver was knowing and voluntary, and he makes no argument to the contrary.  (See Plea Transcript at 23:17-23:23; 31:10-31:22.)  Because the record provides no grounds precluding enforcement of the waiver, the collateral attack waiver is enforceable, and Mr. Escribano's petition must be denied.

Mr. Escribano has also procedurally defaulted his claim.  As the Supreme Court has indicated, "[h]*abeas* review is an extraordinary remedy and will not be allowed to do service for an appeal."  Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted).  Simply put, a district court may not consider a claim brought under Section 2255 that could have been raised, but was not raised, on direct appeal.  See United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.").  A claim can be procedurally defaulted even where there has been a change in the substantive criminal law, after the defendant's conviction became final, that could provide legal support to his claim.  See id. at 231-33; see also Harrington v. United States, 689 F.3d 124, 128-29 (2d Cir. 2012).  As explained above, Mr. Escribano did not appeal his conviction or sentence.  His reference to an ensuing change in substantive criminal law, even assuming that it supports his claim, does not overcome the constraints imposed by the procedural default doctrine.

For the court to properly consider a procedurally defaulted claim, the movant must demonstrate either (1) "cause and actual prejudice" or (2) "actual innocen[ce]."  Bousley, 523 U.S. at 622 (quoting Murray v. Carrier, 477 U.S. 478, 485, 496 (1986)).  Mr. Escribano has not shown either.  To establish prejudice, for example, a defendant must show that his plea was infected with an error that inherently resulted in a "complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure," and that he would not have pled guilty had he known of the error.  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).  Prejudice can be established by showing that the defendant "did not understand the consequences of his plea, or that, if he had been properly advised, he would not have pled guilty."  Lucas v. United States, 963 F.2d 8, 13 (2d Cir. 1992).  Prejudice is absent here, as Mr.

Escribano makes no claim in his petition that he would not have pled guilty if advised differently or that he did not understand the consequences of his plea. When there is no showing of cause and prejudice, a court can reach the merits only upon a showing of actual innocence. Actual innocence "means factual innocence," and the defendant can meet this threshold by demonstrating that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks and citation omitted). This bar is higher still in the plea context, in that the defendant must also show actual innocence of the "more serious charges" that the Government has abandoned during the course of plea negotiations. Id. at 624. Mr. Escribano makes no attempt to claim actual innocence; indeed, the purpose of his petition is to challenge the applicability of a predicate offense for sentencing purposes, not to contest his involvement in the underlying criminal conduct. Mr. Escribano allocuted to the facts on which his guilty plea was based, and he does not dispute them in his petition. (See Plea Transcript at 26:6-28:9.) Because Mr. Escribano has failed to establish (1) cause and prejudice, or (2) actual innocence, his claim is procedurally defaulted and must be dismissed.

As Mr. Escribano's petition is barred by his collateral attack waiver, and its grounds have been procedurally defaulted, such that it must be dismissed, the Court need not address the issue of timeliness or the merits of the petition.

## CONCLUSION

For the foregoing reasons, Petitioner's motion brought pursuant to 28 U.S.C. section 2255 is denied in its entirety. Petitioner may not appeal this Memorandum Order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (Westlaw through P.L. 117-185). A certificate will be granted "if the applicant has made a

substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden and declines to issue a certificate of appealability. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

This Memorandum Order resolves docket entry nos. 594, 595, and 597 in case no. 16-CR-00826; and docket entry no. 4 in case no. 22-CV-03010. The Clerk of Court is respectfully directed to enter judgment accordingly and close case no. 22-CV-03010.

The Clerk of Court is further directed to mail a copy of this Memorandum Order to Mr. Escribano at the address shown below, and note service on the docket.

SO ORDERED.

Dated: New York, New York
December 30, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Mail copy to:**
Zaie Escribano, Reg. No. 77538-054
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525